IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

        Respondent,

v.                                              CRIMINAL ACTION NO. 3:94-00083-01
                                              (CIVIL ACTION NO. 3:96-0766)

RYAN NEWSOME,

        Movant.

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is *pro se* movant, Ryan Newsome's, motion to re-open the case concerning his prior motion for *habeas corpus* (Doc. 150). For the reasons explained below, this motion is **DENIED**.

**Background**

A jury found Ryan Newsome guilty of multiple charges related to distribution of cocaine base on March 17, 1995. Mr. Newsome was, and continues to be, dissatisfied with court appointed counsel provided to him throughout the litigation. After requesting and receiving new counsel on two separate occasions, Mr. Newsome was represented at trial by Nelson Bickley. Mr. Newsome was not confident with the preparation that had taken place prior to trial, however, and sought a continuance to provide him with time to obtain his own representation. That motion was filed just days before trial was set to commence. The Court denied the request and trial proceeded with Mr. Bickley serving as counsel for Mr. Newsome. The trial ended with a guilty verdict and Mr. Newsome was later sentenced to a term of 292 months in prison, along with 5 years of supervised release and a $3,500 fine.

On August 7, 1996, Mr. Newsome filed a motion under 28 U.S.C. § 2255 attacking the validity of his conviction on the grounds of ineffective assistance of counsel. He claimed that Mr. Bickley had a conflict of interest – specifically alleging that Mr. Bickley was related to a co-defendant, Brian Frazier, who testified against him at trial. The motion was referred to Magistrate Judge Taylor who, on May 28, 1997, issued a set of Findings and Recommendations. Principally, Judge Taylor found that the alleged relationship, even if proven, would not be sufficient to warrant a finding of ineffective assistance of counsel based on a conflict of interest. The alleged relationship, as described by Judge Taylor, was that "a child of the great-great-grandparents of a co-defendant and a witness against him at trial, Brian Frazier, married a sister of his court-appointed attorney's grandmother." In addition to finding this relationship too attenuated to support finding an actual conflict of interest, Judge Taylor found that "nothing alleged by the movant indicates that counsel's performance was in any way affected by the claimed conflict of interest."

Ryan Newsome objected to these Findings and Recommendations on the basis that he was not afforded the right to an evidentiary hearing. On October 24, 1997, Judge Staker accepted Judge Taylor's Findings and Recommendations and denied Mr. Newsome's motion for relief under 28 U.S.C. § 2255. In overruling Mr. Newsome's objection Judge Staker wrote that "[t]he defendant has failed to identify any additional information necessary to his claim that could only have been gleaned from a hearing." Mr. Newsome appealed this order to the Fourth Circuit Court of Appeals. On May 18, 1994, his appeal was dismissed based on the reasoning of the district court.

In the 60(b) motion presently before this Court, Mr. Newsome requests relief from this Court for the denial of his motion for writ of *habeas corpus* under 28 U.S.C. § 2255. He argues that the failure to provide him with an evidentiary hearing was a procedural defect that should serve as

grounds for relief from judgment. Additionally, he restates many factual arguments he asserted in his § 2255 motion – principally the familial relationship between Nelson Bickley and Brian Frazier. He argues that transcript from his trial shows that Mr. Bickley's cross-examination of Mr. Frazier was weak, and that during open argument Mr. Bickley asked the jury to find his client "guilty."

**Analysis**

Rule 60(b) grants a district court "the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice." *Compton v. Alton S.S. Co., Inc.,* 608 F.2d 96, 101-02 (4th Cir. 1979) (internal citations omitted). This is, however, an "extraordinary [remedy] and is only to be invoked upon a showing of exceptional circumstances." *Id.* While considering whether to grant relief from judgment under rule 60(b) "courts must engage in the delicate balancing of the sanctity of final judgments" *Id.*

Rule 60(b) itemizes six grounds that may provide relief from judgment. *See* Fed. R. Civ. P. 60(b). In the Fourth Circuit, however, a court must determine that a movant has met four threshold factors before even considering the grounds for relief specifically enumerated in Rule 60(b). *See Dowell v. State Fire & Cas. Auto. Ins. Co.,* 993 F.2d 46, 48 (4th Cir. 1993). These threshold factors include: 1) timeliness, 2) a meritorious defense, 3) a lack of unfair prejudice to the opposing party, and 4) exceptional circumstances. In the present case, Mr. Newsome has not made a sufficient showing to get past these four threshold factors. As such, his motion must be denied.

The first factor of timeliness weighs against Mr. Newsome's claim for relief. Under Rule 60(b), claims for relief under three of the six enumerated grounds must be brought within a year of the judgment from which relief is sought. Although there is no specific time frame for claims brought on other enumerated grounds, all 60(b) motions must be made "within a reasonable time."

Fed. R. Civ. P. 60(b). The specific facts of this case weight against finding the instant motion within such a reasonable time. This motion was filed nearly 10 years after Judge Staker's decision to deny Mr. Newsome's § 2255 claim for relief. Even more significant than this lapse of time is that it has passed without the appearance of substantial new information or evidence to support Mr. Newsome's claim. The Court would be hard pressed under the high standards of rule 60(b) and due regard for the judicial docket to find this motion timely filed.

Second, it does not appear that Mr. Newsome has a meritorious defense. His arguments for an evidentiary hearing were raised in objection to Magistrate Judge Taylor's Findings and Recommendations on the § 2255 motion and addressed by Judge Staker in his order denying that motion. Mr. Bickley's familial relationship with Brian Frazier was known to both Judge Taylor and Judge Staker and each rejected it as insufficient to create an actual conflict of interest. The mistake and strategy employed during trial, that Mr. Newsome points out as evidence of bias, are evident within the transcript that would have been reviewed by Judges Taylor and Staker before these jurists reached their respective decisions. "A Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." *Dowell,* 993 F.2d at 48 (4th Cir. 1993). The appropriate channel to reassert arguments for reconsideration is through the appeals process. Mr. Newsome in fact pursued an appeal, but the Fourth Circuit Court of Appeals dismissed his claim. Having been rejected at both the district and appellate levels, Mr. Newsome's arguments lack merit.

Because of the amount of time that his passed since his original conviction, much of the evidence in Mr. Newsome's case is likely to have grown cold. The grant of his Rule 60(b) motion would force the government to respond to a § 2255 motion it has already successfully opposed both in the district court and upon appeal, on arguments that have previously been rejected, and on stale

evidence. In short, granting the relief requested by Mr. Newsome would unfairly prejudice the opposing party.

Finally, Mr. Newsome has failed to demonstrate any exceptional circumstances warranting a relief from judgment. Although the phrase "exceptional circumstances" is inherently vague and flexible, it cannot be stretched to fit a request to reconsider old arguments without new evidence.

Having determined that Mr. Newsome cannot meet the four threshold requirements for a Rule 60(b) motion, the Court must **DENY** his motion (Doc. 150) without further consideration. The Court **DIRECTS** the Clerk to send a copy of this Order counsel of record and any unrepresented parties.

ENTER: December 21, 2007

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE